## GEORGE B. FISHER v. GEORGE C. LUNGER.

It is not necessary to the validity of an indenture of apprenticeship, under the act respecting apprentices and servants, (*Nix. Dig.*, *p.* 24,) that it should be stated in it, in express words, that the binding was of the minor's own free will and accord. His consent to be bound is sufficiently shown by proof of his voluntarily executing and delivering the indenture.

On *certiorari* to Hunterdon Pleas. Argued at February Term, 1868, before Justices BEDLE, DALRIMPLE, and DEPUE.

For plaintiff in *certiorari*, *R. S. Kuhl* and *Geo. A. Allen.*

Contra, *J. T. Bird.*

The opinion of the court was delivered by

DEPUE, J. The plaintiff in *certiorari* sued Lunger to recover a penalty under the seventh section of the act concerning apprentices, (*Nix. Dig.*, *p.* 26,[*]) for harboring John Lunger, an apprentice of the plaintiff. On the trial of the appeal, the court refused to permit the indenture of apprenticeship to go in evidence, on the ground that it was void.

The action being for a penalty given by the act, if the indenture is void the action cannot be maintained. *Lyon* v. *Whitemore*, 2 *Penn.* 845 ; *Ivins* v. *Norcross*, 2 *Penn.* 977 ; *Thorpe* v. *Rankin*, 4 *Harr.* 36.

At common law, an infant might bind himself as an apprentice by indenture, notwithstanding the instrument was under seal, because the contract was for his benefit. *The King* v. *The Inhabitants of Arundel*, 5 *M. & S.* 257 ; *Keene* v. *Boycoll*, 2. *H. Bl.* 511 ; *The King* v. *The Inhabitants of Wigston*, 3 *B. & C.* 484.

The action of the court in excluding the indenture is attempted to be justified under the third section of the act already referred to, which makes void, as against the ap-

[*] *Rev.*, *p.* 32.

prentice only, all indentures of apprenticeship made otherwise than is prescribed by this act or by the act authorizing overseers of the poor and justices of the peace to bind out children in certain cases. The argument is, that the indenture in this case is made void by this section, because it is not expressly stated in it, that the minor was bound of his own free will and accord.

In this the court erred. The statute prescribes no form. It requires that the binding shall be of the minor's free will and accord, but it does not require the insertion of these words in the indenture. The statute is silent on this point, although it requires the consent of the father, if living, or of the mother or guardian, if the father be dead, and the age of the minor to be expressed in the indenture, and such consent to be signified by the signature of the father, mother, or guardian thereto.

It is conceded, that the provision of the act that the binding shall be with the minor's consent, was designed for his protection; to protect him from a compulsory putting to service as an apprentice by the parent or guardian, for a period covering his whole minority; but it could not add to his security against such a disposition of his person or his services, to require his consent to be expressed in words in the indenture. His voluntary consent to be bound as an apprentice, is a circumstance, connected with the execution of the indenture, which, if not sufficiently proved as an inference, from the fact of the execution of the instrument, may be shown by the circumstances attending its execution, or by evidence *aliunde*. Ordinarily, the consent of a party to be bound is established by proof of the sealing and delivery of the deed which purports to bind him. I see no reason why the same rule should not apply in the case of an indenture of apprenticeship, which an infant is competent in law to make. At least by such proof a *prima facie* case is made out, sufficient to make the indenture admissible in evidence.

In this case, it appeared that the indenture was prepared

by the minor, and that the body of it was in his own handwriting, and that it was signed by him before it was signed by the other parties to it. The proof that the binding was of his own free will and accord, is plenary. The Court of Common Pleas should have admitted the indenture in evidence.

The case in 5 *Cushing* 417, *Harper* v. *Hunt*, cited by defendant's counsel, was decided upon the statute of Massachusetts, which requires the consent of the minor to be expressed in the indenture, and has no bearing on the question involved in this case.

Judgment reversed.